**2016 UT App 66**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF J.B. AND T.B.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

A.B.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20160085-CA
Filed April 7, 2016

Third District Juvenile Court, Salt Lake Department
The Honorable Mark W. May
No. 1120237

Colleen K. Coebergh, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1 A.B. (Mother) appeals the January 22, 2016 order adjudicating J.B. and T.B. to be neglected children within the jurisdiction of the juvenile court. We affirm.

¶2 Mother claims on appeal that the juvenile court (1) improperly admitted hearsay testimony; (2) committed plain error by considering her history with the Division of Child and Family Services (DCFS) because the allegation was vague;

(3) improperly included a finding on history because agency and judicial proceedings employ different burdens of proof; (4) improperly substantiated DCFS findings; and (5) determined the children were neglected based upon insufficient evidence.

¶3    After her family was evicted from their residence on September 11, 2015, Mother left T.B. in the care of neighbors on the same day. Mother left J.B. with the same neighbors on September 13, 2015. After the neighbors determined they could no longer care for T.B. and J.B., they tried unsuccessfully to contact Mother. The neighbors also had concerns about the medications that J.B. required but did not have. The neighbors contacted DCFS, which took the children into protective custody on September 15, 2015. Following an adjudication of the State's petition, the juvenile court determined that the children were neglected by Mother and therefore were within the jurisdiction of the juvenile court.

¶4    "[T]o overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when the court "failed to consider all of the facts or considered all of the facts and its decision was nonetheless against the clear weight of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12. Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *Id.*

¶5    Mother claims that the juvenile court erred in admitting hearsay evidence from the husband neighbor who testified at the adjudication hearing. The juvenile court sustained a hearsay objection to the husband testifying about what his wife had told

him, but the court allowed him to testify about his own understanding. Although the juvenile court stated that it did not have sufficient evidence to determine how the children came to be placed with the neighbors, it found the key facts were that T.B. was there by September 11 and J.B. was there by September 13, and they remained there until September 15. The juvenile court specifically found Mother's testimony stating that she called the wife neighbor every day and came to visit the children while they were in the neighbors' care and her testimony about when her phone did or did not work not to be credible. The court also found that the neighbors contacted DCFS because they could not reach Mother. After DCFS came to the neighbors' home, the caseworker tried unsuccessfully to contact Mother by using a phone number the neighbor provided, by contacting a relative and the children's school, and through other searches. Because the neighbors were unwilling or unable to continue to care for the children, DCFS took them into protective custody. Therefore, even assuming that the juvenile court improperly admitted the husband's testimony about his understanding, Mother was not prejudiced because the juvenile court's factual findings were supported by the remaining evidence.

¶6 Mother's second and third issues on appeal both assert that the juvenile court erred in considering her past history with DCFS and the juvenile court. The State's verified petition alleged a "long history" with DCFS and the juvenile court. Mother moved to strike the allegation, arguing at the adjudication hearing that "the State can't bootstrap a . . . 'long agency history' under [Utah Code section] 62(a)-4(a) into a . . . judicial proceeding under [section] 78(a)-6 without specifically alleging those matters and pleading them and proving them by clear and convincing evidence." The juvenile court denied the motion to strike, stating at the adjudication hearing that whether or not the family had a long history did not affect the adjudication of "whether in this instance the mother neglected the children." Accordingly, the court denied a motion to strike. Mother later

objected to the State's inclusion of the "long history" allegation in the proposed findings. The juvenile court entered amended findings that the family had a "history"; that in 2001, Mother was represented by an attorney in a juvenile court case; and that the children were represented by a Guardian ad Litem who became a juvenile court judge and recused himself from this case. Accordingly, the amended findings of fact recited only undisputed procedural facts regarding a previous juvenile court case. The assertion that the juvenile court plainly erred in considering the family's past history lacks merit.

¶7    Furthermore, the minutes from the February 4, 2016 hearing on Mother's objections to the State's proposed findings of fact and conclusions of law recited that Mother's counsel stated that "the issues had been resolved with the Court's correction of the findings of fact order." On appeal, Mother argues that, notwithstanding the juvenile court's statement that the family's history was not relevant to the adjudication of whether the events before the court constituted neglect, the juvenile court actually did consider the family history. There is no record support for the assertion, and Mother withdrew her objection to the challenged finding below.

¶8    For similar reasons, this court need not consider the claim on appeal that the juvenile court erred by including a conclusion of law substantiating the DCFS findings. Mother's objections to the State's proposed findings of fact and conclusions of law included an objection to the proposed conclusion stating, "The supported findings of the Division are substantiated consistent with the court's findings." As previously noted, at the hearing on Mother's objections, counsel indicated that all of the issues had been resolved by the amended findings of fact and conclusions of law. On appeal, Mother again argues that this conclusion was improper because the juvenile court lacked authority to make it. She further argues that "the Court never articulated it was ordering substantiation, it was simply

included in the findings proposed by the State, and signed off on by the court." Having withdrawn the objection to the conclusion by representing to the juvenile court that the issues were resolved by the amended findings and conclusions, any claimed error was waived, invited, and not preserved.

¶9 Finally, Mother argues that the evidence was insufficient to support a neglect finding. Mother acknowledges that it is not an appellate court's task to reweigh the evidence, but she urges this court "to consider whether based on the allegations and the record, a legal finding of dependency [rather than neglect] is appropriate." Mother cites no authority supporting an appellate court's revision or modification of the court's adjudication order as proposed. "When a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. Because the evidence is sufficient to support the neglect finding, we do not disturb it.

¶10 Affirmed.

_____